UNITED STATES ex rel. HURD v. ARNOLD, United States Marshal.

(Circuit Court of Appeals, Seventh Circuit. January 21, 1897.)

No. 334.

APPELLATE JURISDICTION—MOOT QUESTIONS.

> Where an appeal in habeas corpus is perfected after the time allowed, and after the prisoner has been transferred to another district for trial, so as to be beyond reach of the court's process, the questions for decision on the appeal become mere moot questions, which the court will not decide.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

B. M. Shaffner, for appellant.

John C. Black, for appellee.

Before WOODS and JENKINS, Circuit Judges, and BUNN, District Judge.

BUNN, District Judge. The history of this case, derived mainly from the record, but in small part from the admissions of counsel in their briefs and upon the argument, is this: The appellant, Charles Hurd, was indicted, with others, on March 19, 1896, by the United States grand jury sitting at Council Bluffs, in the Southern district of Iowa, under section 3894 of the Revised Statutes of the United States, charged with using the United States mails for the purpose of effecting the "green-goods swindle," commonly so called; the substance of the charge being that he was using the mails for the purpose of selling to his correspondents counterfeit United States notes, of the same appearance, as to color, engraving, and paper, as the lawful obligations of the government, and represented to be printed from the genuine plates which were used by the United States government, at the rates specified in the circulars mailed. Upon this indictment a bench warrant was issued by the United States district judge for the Southern district of Iowa for the arrest of Hurd, but, he being in the Northern district of Illinois, the warrant for his arrest was sent to the marshal of the Northern district of Illinois for execution, and Hurd was there arrested and placed in jail. Thereupon, on April 9, 1896, Judge Grosscup, the United States district judge, made an order, according to the usual practice in such cases, directed to the marshal, commanding him that he remove the prisoner to the Southern district of Iowa, and there deliver him to the marshal of that district, to be dealt with according to law. While in the hands of the marshal, and before he was transported to the Southern district of Iowa, Hurd petitioned Judge Showalter, the United States circuit judge at Chicago, and obtained a writ of habeas corpus, directed to the marshal, commanding him to produce the prisoner, which he did, making proper return of the facts. The case came on for hearing before Judge Showalter on April 9, 1896: the point urged by the prisoner's counsel being that no sufficient offense was charged in the indictment, and that, if indicted at all, it should have been under section 5480 of the Revised Statutes, which is a pro-

vision of a similar character to that under which the indictment was returned, but of different phraseology, and not under section 3894. Judge Showalter, upon the hearing, overruled these objections, and discharged the writ. Whereupon the prisoner on the same day prayed and was allowed an appeal to this court, upon his giving a bond within 10 days in the sum of $6,000. Afterwards, the prisoner, not complying with the order with respect to a bond within the time required, and which was necessary to stay proceedings on the warrant, was transported by the marshal and delivered to the marshal for the Southern district of Iowa, where he was tried under the indictment, found guilty, and sentenced to a term of imprisonment in the state prison in that state, where he has since remained. On May 2, 1896, two weeks after the time for so doing had expired, the prisoner, by his counsel, filed a bond as upon an appeal under the order made on April 9th; and this court is now asked to review the decision of the circuit court discharging the writ, as though an appeal had been perfected within the time allowed by the order so as to stay proceedings. This we cannot do. By failing to perfect his appeal within the time required, so that it should operate as a supersedeas, the prisoner suffered himself to be transported out of the state, and beyond the jurisdiction of the circuit court, which thereby lost control of his person. Under these circumstances, it is apparent that the case, as it now stands, is a moot case, pure and simple. This court cannot be led to the decision of abstract questions of law, where the right of a party to the litigation is not dependent upon, and cannot be affected by, the decision. No judgment which this court might render could affect in the slightest degree the judgment of the court in Iowa, or change in any respect the status of the prisoner. The appeal is dismissed.